**AUMILLER LOMAX LLC**
1913 GREENTREE ROAD
SUITE D
CHERRY HILL, NJ 08003
BY: JASON S. LOMAX, ESQUIRE

(856) 751-0440
ATTORNEY FOR PLAINTIFF
Our File No. 2047-001

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL McFADDEN,<br>926 E. 24th Street<br>Wilmington, DE 19802<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>30th & Market Streets, 2nd Floor<br>Philadelphia, PA 19104<br><br>Defendant. | CIVIL ACTION<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.  The Plaintiff, Daniel McFadden, is a citizen and resident of the State of Delaware, residing therein at 926 E. 24th Street, Wilmington, DE 19802.

2.  The Defendant, National Railroad Passenger Corporation (AMTRAK), is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

3.  This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. (hereinafter "FELA").

4.  At all times mentioned hereto, the Defendant, National Railroad Passenger Corporation (AMTRAK), as a common carrier, operated trains carrying passengers, freight,

express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States of America and its territories, inclusive of the Commonwealth of Pennsylvania.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. The time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting within the scope of his employment for the Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All the property, equipment and operations involved in this occurrence hereinafter referred to be owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. The Plaintiff was employed by the Defendant for approximately 31.5 years prior to the date of injury and retired in December of 2011. He was employed as a Senior Officer Revenue Remittance and working within the scope of his employment in Wilmington, Delaware, when he was injured while moving a filing cabinet from the filing room into another office.

9. The Plaintiff injured his right shoulder on or about October 5, 2011 while moving a filing cabinet with a fellow employee. The Defendant was formally notified of said injury when Plaintiff completed an Employee Injury/Illness Report signed 5/2/2012. (Please see Employee Injury/Illness Report marked as Exhibit "A" attached hereto and made a part hereof.)

10. The injury to the Plaintiff's right shoulder happened under the scope of his employment with the Defendant.

11. The aforesaid injury was caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

(a) in failing to provide the Plaintiff with a safe place to work as required by the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq.;

(b) in negligently failing to employ safe working practices;

(c) in failing to provide proper employees to handle moving office equipment as needed including filing cabinets.

12. The Defendant has a duty to provide a reasonably safe place to work. It has a non-delegable duty to insure that the Plaintiff has adequate qualified assistance to perform the functions of his work without unnecessary risk of injury to himself. The Defendant has a duty to provide a sufficient number of employees to perform assigned work, and its failure to provide adequate assistance can be a breach of its duty to provide a safe place for the Plaintiff to work, and will entitle the Plaintiff to a recovery against the Defendant if any such failure was a cause, in whole or in part, of the injuries claimed by the Plaintiff.

13. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, and not caused by any culpable conduct on the part of the Plaintiff, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which will continue in the future.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, and not caused by any culpable conduct on the part of the Plaintiff,

the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life past, present and future.

15. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, and not caused by any culpable conduct on the part of the Plaintiff, the Plaintiff has sustained injury to his body, including, but at this time not limited to, his right shoulder including, but not limited to the following:

(a) strained rotator cuff right shoulder;

(b) rotator cuff tendonitis;

(c) partial rotator cuff tear and superior labral tear;

(d) right shoulder posttraumatic impingement syndrome;

(e) acromioclavicular osteoarthritis with mild reactive bursitis.

16. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, and not caused by any culpable conduct on the part of the Plaintiff, the Plaintiff sustained the aforementioned injuries which required him to undergo medical procedures to his shoulder including, but not limited to, the following:

(a) injection in lateral subacromial space of right shoulder on 3/26/2012;

(b) injection in subacromial space of right shoulder on 4/12/2012;

(c) right shoulder arthroscopic debridement of partial rotator cuff tear and labrum on 7/9/2012;

(d) right shoulder arthroscopic subacromial decompression on 7/9/2012.

17. Some or all the aforementioned injuries are or may be permanent in nature. The full extent of the Plaintiff's injuries is not presently known.

WHEREFORE, the Plaintiff, DANIEL McFADDEN, demands judgment against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), for all damages, actual, incidental, consequential & compensatory which have been sustained by the Plaintiff in the sum of $150,000.00 or less, together with interest, costs of suit, attorney's fees and such other relief as the Court deems equitable and just.

A jury trial is demanded.

Respectfully submitted,

By: _____
JASON S. LOMAX, ESQUIRE
I.D. No. 87456
Aumiller Lomax, LLC
Attorneys for Plaintiff
Daniel McFadden

Dated: September 24, 2014